UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JOHN PILKINTON, | ) |
| Plaintiff, | ) ) |
| | ) Case No. 1:12-cv-0026 |
| v. | ) Judge Trauger ) |
| DAVID M. HARTSFIELD; CONNIE THOMASON, as personal representative of MORRIS E. EZELL, deceased; and BRIDGNORTH PARTNERS, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Pending before the court is the Defendants' Motion to Withdraw Admissions (Docket No. 17) to which the plaintiff has responded (Docket No. 22). The defendants specifically move the court pursuant to Federal Rule of Civil Procedure 36(b) to withdraw admissions that the plaintiff alleges have been conclusively established. In addition, the defendants seek to substitute their untimely responses to the plaintiff's request for admissions that are attached as Exhibit A to the Affidavit of Erica Dunville, which was filed in support of the plaintiff's pending Motion for Summary Judgment. (*See* Docket No. 15-3, Ex. A.)

On October 10, 2012, the plaintiff served his First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents via first class mail, postage pre-paid, to the defendants. (Docket No. 15-4 at ¶¶ 2-3.) The aforementioned document included twenty requests for admission propounded pursuant to Federal Rule of Civil Procedure 36. (*Id.* ¶ 4.) The defendants failed to serve a timely response to these requests for admission, which were due on November 13, 2012. (*Id.* ¶ 5.) Indeed, the plaintiff did not receive the defendants' responses

1

to the requests for admission until November 21, 2012.[1] (Docket No. 15-3 ¶ 4.)  Pursuant to Rule 36(a)(3), a party's failure to respond within thirty days after being served requires that the requests for admission be deemed admitted.  Fed. R. Civ. P. 36(a)(3).

Generally, a matter admitted under Rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).  Indeed, a "court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  *Id.*  The court possesses considerable discretion in determining whether to permit the withdrawal of admissions.  *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997).  "The first prong of the test articulated in Rule 36(b) is satisfied when upholding the admission would practically eliminate any presentation on the merits of the case."  *Clark v. Johnston*, 413 F.App'x 804, 818 (6th Cir. 2011) (internal quotation marks and citations omitted).  Here, the court finds that allowing the defendants' admissions to stand would impair their ability to defend themselves against the plaintiff's claim seeking to enforce the underlying promissory note.

With respect to the second prong of the Rule 36(b) test, "[t]he prejudice contemplated . . . is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth[,] . . . [but] rather, relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission."  *Kerry Steel*, 106 F.3d at 154 (internal quotation marks and citations omitted).  In responding to the pending

---

[1] While the cover letter enclosing the defendants' responses was dated November 13, 2012, the actual envelope containing the aforementioned materials was postmarked November 19, 2012.  (Docket No. 15-3, Exs. A-B.)

motion, the plaintiff has failed to articulate any prejudice he would incur if the court were to withdraw the admissions. Moreover, having viewed the record here, the court can find no such prejudice. Accordingly, the court will exercise its discretion to permit the defendants to withdraw their admissions.

Although untimely, the defendants did serve responses to the plaintiff's requests for admission. The plaintiff contends that two of the defendants' responses - namely, to request numbers 13 and 15 - are deficient pursuant to Rule 36(a)(4). Request number 13 asks the defendants to admit that an attached memorandum, dated November 10, 2009, is an accurate reproduction of an identical original executed without fraud or duress by Morris Ezell. (Docket No. 15-3 at 8.) Request number 15 asks the defendants to admit that Ezell executed the original memorandum in his capacity as a partner of defendant Bridgnorth Partners. (*Id.*) In responding to each of these requests, the defendants stated that they were "unable to admit or deny the allegations contained in" the respective requests. (*Id.*) Rule 36(a)(4) requires that, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). Here, the defendants' responses have plainly failed to provide the required explanation as to why they are unable to admit or deny the matters contained in the aforementioned requests. Accordingly, pursuant to Rule 36(a)(6), the court will order the defendants to supplement their responses to request numbers 13 and 15 by

May 17, 2013.[2]  The supplemental responses shall fully comply with all of the requirements contained in Rule 36(a)(4).

## **CONCLUSION**

For all of the reasons discussed herein, the Defendants' Motion to Withdraw Admissions (Docket No. 17) is **GRANTED**.  However, the defendants are hereby **ORDERED** to serve supplemental responses to request numbers 13 and 15 in the plaintiff's requests for admissions by May 17, 2013.  The court shall hold its consideration of the plaintiff's Motion for Summary Judgment in abeyance pending the plaintiff's receipt of the supplemental responses.  The defendants are also **ORDERED** to file their supplemental responses with the court by May 17, 2013.

It is so Ordered.

Enter this 9th day of May 2013.

_____
ALETA A. TRAUGER
United States District Judge

---

[2] Rule 36(a)(6) contemplates the party propounding the requests for admissions to move the court to determine the sufficiency of an answer. Fed. R. Civ. P. 36(a)(6).  Although the plaintiff did not file a formal motion seeking such relief in the instant case, he did raise the sufficiency of the defendants' responses to request numbers 13 and 15 in his opposition to the Defendants' Motion to Withdraw Admissions.  (Docket No. 22 at 2.)  The plaintiff further stated in his opposition that, because those particular responses are deficient, they should remain admitted.  The court will accordingly construe the plaintiff's argument as a motion regarding the sufficiency of the defendants' answers pursuant to Rule 30(a)(6).